# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1732


**LAURA HICKS**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**


************

APPEAL FROM THE
PINEVILLE CITY COURT,
PARISH OF RAPIDES, NO. 02-0448,
HONORABLE J. PHILLIP TERRELL, JR., CITY COURT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy H. Ezell, Judges.


**JUDGMENT VACATED AND CASE REMANDED FOR A NEW TRIAL.**


**Loren Lampert**
**Attorney at Law**
**3800 Parliament Drive**
**Alexandria, LA 71303**
**(318) 559-1565**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Laura Hicks**

**David A. Hughes**
**Hughes & LaFleur**
**Post Office Box 1831**
**Alexandria, LA 71309**
**(318) 443-4090**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **State Farm Mutual Automobile Insurance Company**

**Tracy P. Curtis**
**Perrett Doise, APLC**
**Post Office Box 3408**
**Lafayette, LA 70502**
**(337) 262-9000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Farmers Insurance Exchange**

PETERS, J.

State Farm Mutual Automobile Insurance Company (State Farm) appeals a trial court judgment assessing fault in a multiple-car collision. For the following reasons, we vacate the trial court judgment and remand the matter to the trial court for a new trial.

The accident giving rise to this appeal occurred on Louisiana Highway 28 in Pineville, Louisiana, at approximately noon on August 20, 2001. At the point where the accident occurred, Louisiana Highway 28 is a two-way, four-lane, hard-surfaced highway running generally east and west. Immediately before the accident occurred, Mary Pentecost had stopped her 1996 Chevrolet Blazer in the inside westbound lane of Louisiana Highway 28, in an attempt to make a left turn into a shopping area parking lot. As Ms. Pentecost waited for the eastbound traffic to clear, a westbound 1995 Ford Ranger truck driven by Chastity Kilpatrick struck the rear of her vehicle, knocking it forward. Immediately thereafter, another westbound vehicle, a 1989 Pontiac, driven by Brooke Gaspard struck the rear of Ms. Kilpatrick's vehicle. This impact knocked Ms. Kilpatrick's vehicle into the eastbound lane where it struck an eastbound 1999 Chrysler driven by Laura Hicks.

On August 6, 2002, Ms. Hicks instituted suit to recover the damages she sustained in the accident. In her initial petition, Ms. Hicks named State Farm, her uninsured/underinsured (UM) insurance carrier, as the only defendant, asserting that the accident was caused solely by the negligence of Brooke Gaspard, an uninsured motorist. State Farm answered Ms. Hicks' petition on September 16, 2002. In its answer, State Farm admitted that it had issued Ms. Hicks an insurance policy providing for UM coverage. State Farm further asserted in its answer that Ms. Kilpatrick's fault was the sole cause of the accident.

Pursuant to a written order signed by the trial court on March 5, 2003, trial was scheduled for July 18, 2003, at 9:00 a.m. However, on the morning of trial, Ms. Hicks obtained permission from the trial court to supplement and amend her original petition. In her supplemental and amending petition, Ms. Hicks added Chastity Kilpatrick and Farmers Insurance Exchange[1] (Farmers Exchange) as party defendants, asserted that Ms. Kilpatrick's negligence was a legal cause of the accident, and asserted that Farmers Exchange provided liability coverage for the accident.

Despite the significant change of the litigation's posture by the addition of Ms. Kilpatrick and Farmers Exchange as party defendants, the July 18, 2003 trial commenced as scheduled with only Ms. Hicks and State Farm participating as parties to the litigation. Ms. Hicks testified and presented the testimony of Pineville City Police Officer Richard Muncey and Ms. Gaspard in support of her claims. Upon completion of the evidence, the trial court took the matter under advisement.

On August 14, 2003, and before the trial court rendered judgment based on the evidence presented at the July 18, 2003 trial, Farmers Exchange responded to the supplemental and amending petition by filing exceptions and an answer. In its exceptions, Farmers Exchange asserted that Ms. Hicks failed to state a cause of action against, had no right of action against, and lacked standing to sue it as the insurer of Ms. Kilpatrick. Additionally, Farmers Exchange asserted that service of process was insufficient and that the supplemental and amending petition was vague. In its answer, Farmers Exchange pled plaintiff and third-party fault, failure on the part of Ms. Hicks to mitigate damages, and recovery limitations pursuant to La.R.S. 32:861 *et seq*.

---

[1]Erroneously referred to in the supplemental and amending petition as "Farmers Insurance."

On September 12, 2003, the trial court issued brief written reasons for judgment, concluding as follows:

> After considering the testimony, evidence and arguments of counsel, the Court finds that the plaintiff was able to prove by a preponderance of the evidence that the uninsured driver, Brooke Gaspard, is 100% at fault for the damages suffered by the plaintiff, Laura Hicks.
>
> The Court finds that the appropriate award of general damages in connection with this matter exceeds the jurisdictional limit of this Court and therefore awards $35,000.00.

The trial court signed a judgment to this effect on September 26, 2003. State Farm appealed, asserting that (1) the trial court erred in its apportionment of fault and (2) the trial court awarded excessive damages.

## OPINION

We find it unnecessary to address State Farm's assignments of error because we conclude that the trial court erred in proceeding with trial after allowing Ms. Hicks to add party defendants to the litigation on the day of trial. This error requires that we set aside the judgment rendered and remand for a new trial, after issue is properly joined as to all defendants.

The matter before us is a civil action, "a demand for the enforcement of a legal right." La.Code Civ.P. art. 421. As provided for in La.Code Civ.P. art. 463:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
>
> Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.

3

Additionally, La.Code Civ.P. art. 1155 provides:

> The court, on motion of a party, upon reasonable notice and upon such terms as are just, may permit mover to file a supplemental petition or answer setting forth items of damage, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein.

The joining of Ms. Kilpatrick and Farmers Exchange as party defendants met all of the requirements of La.Code Civ.P. arts. 463 and 1155, and the trial court had the discretion to allow the supplemental and amending pleading to be filed cumulating the actions against the added defendants. The timing of the pleading and its effect on the litigation raises the problems herein.

Concerning the setting of matters for trial, La.Code Civ.P. art. 1571 provides that "[t]he district courts shall prescribe the procedure for assigning cases for trial" and that "[the prescribed] rules *shall not* allow the assignment of ordinary proceedings for trial *except* after answer filed." (Emphasis added.) This provision is also applicable to city courts. *See* La.Code Civ.P. art. 4831. When this matter was first set for trial, State Farm, the only defendant, had answered the original petition and the setting was proper. Ms. Hicks' choice was to proceed to trial against State Farm alone or to join the other two defendants. She chose to do the latter. This had the effect of creating a record where answers were yet to be filed.

It matters not that State Farm failed to object to the supplemental and amending pleading or to request a continuance. While La.Code Civ.P. art. 1562 does provide that the trial court may order separate trials on the issues of liability, damages, and insurance coverage, proceeding with the trial in the matter now before us had the effect of bifurcating the trial of the *parties*, not of the *issues*. We recognize that La.Code Civ.P. art. 1562 provides authority for the trial court to order a separate trial

4

of cumulated actions if a separate trial "would simplify the proceedings or would permit a more orderly disposition of the case or otherwise would be in the interest of justice." In the matter before us, the trial court made no such factual findings and failed to issue any order after cumulating the actions against the separate defendants. Additionally, La.Code Civ.P. art. 1562 requires that such a decision must be made "at any time prior to trial" and not at trial.

This litigation is presented to us in a most unusual position. Ms. Hicks has proceeded to trial against State Farm only — her suit against Ms. Kilpatrick and Farmers Exchange is still pending. Thus, arguably, after the trial against State Farm, Ms. Kilpatrick could attempt to have a second trial on the same accident, this time asserting that the sole cause of the accident and her injuries was the negligence of Ms. Kilpatrick.[2] Such a bifurcation circumvents La.Civ.Code art. 2323, which requires that "[i]n any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty." In the instant case, presumably, the trial court has already apportioned fault among all of the parties involved in the accident, including Ms. Kilpatrick. Yet, Ms. Kilpatrick and Farmers Exchange remain defendants in pending litigation wherein Ms. Kilpatrick, without appearing as a party litigant, has been found to not be at fault. Importantly, by setting and proceeding to trial against less than all party defendants, the judicial process is subject to piecemeal litigation and inconsistent judgments arising from multiple trials.

In reaching our conclusion on appeal, we find guidance in La.Code Civ.P. art.

---

[2] Although it did not participate in the trial, Farmers Exchange has filed a brief in this appeal. Understandably, Farmers Exchange basically adopts Ms. Hicks' position that the trial court judgment should be affirmed.

2164, which provides in part that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Based on the record now before us, we vacate the trial court judgment and remand this matter to the trial court for a new trial, after issue has been joined as to all defendants.

## DISPOSITION

For the foregoing reasons, we vacate the trial court judgment and remand the matter to the trial court for a new trial. We tax all costs of this appeal equally between the plaintiff, Laura Hicks, and the defendant, State Farm Mutual Automobile Insurance Company.

**JUDGMENT VACATED AND CASE REMANDED FOR A NEW TRIAL.**

6